UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4701 CAS (Ex) | Date | June 16, 2011 |
|---|---|---|---|
| Title | ALBERTO MEJIA; ET AL. v. EMC MORTGAGE CORPORATION; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS): DEFENDANT EMC MORTGAGE CORP'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT** (filed 03/26/10)

**DEFENDANTS CAPITAL ONE FINANCIAL GROUP, GREENPOINT MORTGAGE FUNDING, INC., MARIN CONVEYANCING CORP, & MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.'S MOTION TO DISMISS** (filed 04/09/10)

## I.   INTRODUCTION & BACKGROUND

On June 30, 2009, plaintiffs Alberto Mejia and Blanca Mejia filed the instant action against defendants EMC Mortgage Corporation ("EMC"), Escrow Spectrum Inc. ("Escrow Spectrum"), GreenPoint Mortgage ("GreenPoint"), JPMorgan Chase Bank, N.A. ("Chase") and Does 1 through 50.

EMC and Chase filed a motion to dismiss on August 4, 2009. On October 19, 2009, the Court granted defendants' motion to dismiss plaintiffs' complaint against EMC and Chase with leave to amend.

Plaintiffs filed a first amended complaint ("FAC") on November 25, 2009, alleging claims for (1) violation of the Fair Housing Act, 42 U.S.C §§ 3601-3619 ("FHA"); (2) violation of 42 U.S.C § 1981 and § 1982; (3) violation of the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C § 1691; (4) violation of the Truth in Lending Act ("TILA"), 15

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4701 CAS (Ex) | Date | June 16, 2011 |
|---|---|---|---|
| Title | ALBERTO MEJIA; ET AL. v. EMC MORTGAGE CORPORATION; ET AL. | | |

U.S.C § 1605 *et seq* and Regulation Z; (5) breach of contract; (6) breach of the implied covenant of good faith and fair dealing; and (7) fraud.

On February 22, 2010, the Court granted in part and denied in part defendants EMC and Chase's motion to dismiss plaintiff's FAC. Specifically, the Court dismissed plaintiffs' complaint against Chase in its entirety with prejudice. As to the claims against defendant EMC, the Court dismissed with prejudice plaintiffs' claims 4, 5 and 6 for violations of TILA, breach of contract, and breach of the implied covenant of good faith and fair dealing. As to plaintiffs' claim 7 against EMC for fraud, the Court dismissed the claim for fraud with leave to amend. The Court denied defendants' motion to dismiss plaintiffs' claims 1, 2, and 3 against EMC for violations of the FHA, 42 U.S.C. § 1981 and § 1982, and ECOA.

On March 9, 2010, plaintiffs filed a second amended complaint ("SAC") against existing defendants GreenPoint; EMC; Escrow Spectrum, and adding new defendants Capitol One Financial Group ("Capital One"); Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for GreenPoint and EMC in the county land of record; and Marin Conveyancing Corp. ("Marin Conveyancing"). In their SAC, plaintiffs reallege their existing seven claims against defendants.

The real property that is the subject of this dispute is located at 243 Sunburst Lane, Corona, California 92879 (the "Subject Property"). SAC ¶ 6. A Grant Deed was recorded on December 10, 2004 with the Riverside County Recorder's Office wherein plaintiffs were granted legal title to the Subject Property. Def. EMC's Request for Judicial Notice ("RJN"), Ex. 1.[1] Plaintiffs allege that they applied for a mortgage loan

---

[1] Defendants request that the Court take judicial notice of three filings with the Court: (1) a copy of a Grant Deed regarding the Subject Property filed with the Riverside County Recorder's Office; and (2) a copy of the deed of trust encumbering the Subject Property filed with the Riverside County Recorder's Office; and (3) the signed Notices of Right to Cancel, signed by plaintiffs, with their lender GreenPoint. Under Fed. R. Evid. 201, a court may take judicial notice of "matters of public record." Mack v. South Bay Beer Distrib., 798 F.2d 1279, 1282 (9th Cir. 1986). The Court GRANTS defendants' request for judicial notice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4701 CAS (Ex) | Date | June 16, 2011 |
|---|---|---|---|
| Title | ALBERTO MEJIA; ET AL. v. EMC MORTGAGE CORPORATION; ET AL. | | |

with Greenpoint on November 10, 2005. SAC ¶ 14. On December 22, 2010, plaintiffs obtained an adjustable rate mortgage loan (the "Subject Loan") from GreenPoint, in the sum of $750,000 and secured by a deed of trust ("DOT") encumbering the Subject Property. Id.; Ex. 2. The DOT was recorded on December 30, 2005, with the Riverside County Recorder's Office, and lists MERS as the beneficiary and Marin Conveyancing as the Trustee. Id.

Although the DOT indicates that the Subject Loan is subject to an adjustable rate rider, plaintiffs allege it was their belief that the loan was in the amount of $750,000 with a 2% fixed interest rate on a 30-year term. SAC ¶ 15; Ex. 2 (Amended Escrow Instructions to Escrow Spectrum). According to plaintiffs, sometime in 2006, EMC notified plaintiffs that it had acquired the loan originated by Greenpoint and informed plaintiffs of its role as lender/servicer. Id. Plaintiffs allege that sometime in October/November 2008, EMC asked plaintiffs for an increase in mortgage payments. Id. In addition, plaintiffs allege that after they received this notice, they made requests to receive copies of the loan documents. Id. According to plaintiffs, they did not receive any documents based on their request. Instead, they received three different copies of the Truth in Lending Disclosure statements. Id. ¶ 16; Ex. 5-7. Plaintiffs also allege that in December 2008, "[d]efendants agreed to modify the terms of the loan, but breached the contract by refusing to renegotiate the original loan and failed to modify a new loan in good faith."[2] Id. ¶ 17; Ex. 8-11 (letters, payment description, and agreement statement from EMC to plaintiffs). Finally, plaintiffs allege that they are minority, Hispanic, homeowners. Id. ¶ 6.

On March 26, 2010, defendant EMC filed the instant motion to dismiss plaintiff's seventh claim for fraud alleged in the SAC. On April 9, 2010, defendants Capital One, GreenPoint, Marin Conveyancing, and MERS filed the instant motion to dismiss plaintiffs' SAC in its entirety. Plaintiffs filed their oppositions to the respective motions on May 3, 2010. Defendants filed their replies on May 10, 2010. On May 24, 2010, the Court held a hearing on the matter. The parties were ordered to mediation, and the Court advised them that it would issue a ruling after the Court received a status update regarding their attempts at settlement. The parties have since informed the Court that

---

[2] Plaintiffs cite to exhibits that are correspondence between EMC and plaintiffs.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4701 CAS (Ex) | Date | June 16, 2011 |
|---|---|---|---|
| Title | ALBERTO MEJIA; ET AL. v. EMC MORTGAGE CORPORATION; ET AL. | | |

they cannot reach a settlement and that the litigation should proceed. The Court therefore issues the current order. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II. LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. Stated differently, only a complaint that states a claim for relief that is "plausible on its face" survives a motion to dismiss. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009) (quoting Twombly, 550 U.S. at 570). "The plausibility standard is not akin to the 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

In considering a motion pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, a court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4701 CAS (Ex) | Date | June 16, 2011 |
|---|---|---|---|
| Title | ALBERTO MEJIA; ET AL. v. EMC MORTGAGE CORPORATION; ET AL. | | |

O

Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

## III.  DISCUSSION

Defendants Capital One, GreenPoint, Marin Conveyancing, and MERS move to dismiss plaintiffs' SAC in its entirety. Defendant EMC moves to dismiss plaintiffs' claim for fraud.

As a threshold matter, defendants contend that Capital One should be dismissed from this action because plaintiffs have included it as a party solely due to Capital One's status as GreenPoint's parent company and that plaintiffs fail to allege any facts that justify piercing the corporate veil. Mot. at 6-7. Plaintiffs respond that Capital One acquired GreenPoint on December 1, 2006, and GreenPoint was a wholly owned subsidiary of Capital One until Capital One closed GreenPoint in August of 2007. Opp'n at 6; SAC ¶ 7. They argue that because Capital One allegedly benefitted from the profits of Greenpoint, there are sufficient grounds for the corporate veil to be pierced. Id.

In so far as plaintiffs attempt to hold Capital One liable as the parent corporation of GreenPoint, under a theory of alter ego liability, the Court finds that because plaintiffs

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4701 CAS (Ex) | Date | June 16, 2011 |
|---|---|---|---|
| Title | ALBERTO MEJIA; ET AL. v. EMC MORTGAGE CORPORATION; ET AL. | | |

fail to plead any facts supporting either the notion that without piercing of the corporate veil, an inequity will result, or that GreenPoint is a mere instrument of Capital One, plaintiffs cannot assert claims against Capital One. See Nordberg v. Trilegiant Corp., 445 F. Supp. 2d 1082, 1102 (N.D. Cal. 2006) (citing Hollywood Cleaning & Pressing Co. v. Hollywood Laundry Serv., 217 Cal. 124, 129 (1932) (finding that in order to pierce the corporate veil, plaintiff must show that inequity will result and that a subsidiary is a mere instrumentality of the parent corporation)). Given that plaintiffs do not allege direct claims against Capital One, the Court GRANTS defendants' motion to dismiss with prejudice all claims against Capital One.

Plaintiffs' specific claims against the remaining defendants are considered in turn.

**1.    Plaintiffs' First Claim for Violations of the Fair Housing Act**

In the SAC, it appears that plaintiffs bring their FHA claims under two theories. The first appears to be a theory of "reverse redlining."[3] This is a theory alleging that credit is extended on unfair terms to specific geographic areas due to income, race, or ethnicity. See Munoz v. Int'l Home Capital Corp., 2004 WL 3086907, at *4 (N.D. Cal. May 4, 2004) (discussing the elements of a prima facie case of discrimination in violation of the FHA under a theory of "reverse redlining"). Courts have only recently begun to treat so-called "reverse-redlining" claims as cognizable under the FHA, and the Ninth Circuit has not yet ruled on the matter. Where reverse-redlining claims are recognized, courts have applied a four-part test to determine whether plaintiff has sufficiently pled a claim. See Munoz v. Int'l Home Capital Corp., No. 03-1099, 2004 WL 3086907, at *4 (N.D.Cal. May 4, 2004); see also Hafiz v. Greenpoint Mortg. Funding Inc., No. 09-1729 WHA, 2009 WL 2137393, at *5 (N.D. Cal. July 16, 2009) (citing Munoz); Singh v. Wells Fargo Bank, N.A., No. 09-2035, 2009 WL 2365881, at *4 (N.D. Cal. July 30,

---

[3] Under the second theory, plaintiffs claim EMC violated the FHA by refusing to modify the loan because of plaintiffs' race and the racial composition of the neighborhood in which they reside. FAC ¶¶ 29 and 31. In its February 22, 2010 order, the Court concluded that in so far as plaintiffs allege that EMC improperly denied them a loan modification on the basis of their race, that plaintiffs' FHA allegations as against EMC are sufficient to withstand a motion to dismiss.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4701 CAS (Ex) | Date | June 16, 2011 |
|---|---|---|---|
| Title | ALBERTO MEJIA; ET AL. v. EMC MORTGAGE CORPORATION; ET AL. | | |

2009) (citing Munoz). The plaintiff must allege: (1) that he is a member of a protected class; (2) that he applied for and was qualified for loans; (3) that the loans were given on grossly unfavorable terms; and (4) that the lender either intentionally targeted him for unfair loans or currently makes loans on more favorable terms to others. Id.

In support of this theory, plaintiffs allege that they are members of a protected class; that they met all relevant qualifications for engaging in real-estate related transactions; that defendants Greenpoint and Escrow Spectrum offered plaintiffs a subprime lending category rather than a prime lending category; and that GreenPoint has a prior history of predatory lending. SAC ¶¶ 23-26, 30. Plaintiffs ask that the Court take judicial notice of the investigation by the Attorney General of the State of New York Civil Rights Bureau in the matter of Greenpoint Mortgage Funding, Inc., which dealt with data revealing that minority customers of Greenpoint received higher-cost loans than white customers. Id. ¶ 24.

Defendants argue that to the extent plaintiffs' FHA claim is directed against GreenPoint under a theory of reverse redlining, it fails to state claim because plaintiffs fail to allege facts establishing the third and fourth elements—namely, that the SAC alleges no facts specifying which loan terms were grossly unfavorable to Hispanic borrowers in comparison to Caucasian ones. Mot. at 7-9. Further, they argue that plaintiffs do not plead any factual allegations that demonstrate that GreenPoint acted with a racially discriminatory intent when issuing the Subject Loan. Id.

The standards for pleading discrimination claims are no higher than the relaxed notice pleading standard of Fed. R. of Civ. Pro. 8(a). Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). While Swierkiewicz arose in the context of employment discrimination, courts have readily applied Swierkiewicz to FHA claims. See Edwards v. Marin Park, Inc., 356 F.3d 1058, 1062 (9th Cir. 2004). Plaintiffs' FHA claim thus need only satisfy the Rule 8(a) notice pleading standard reaffirmed in Swierkiewicz to survive a Rule 12(b)(6) dismissal. Id. Accordingly, in so far as plaintiffs allege that GreenPoint extended credit to plaintiffs on unfair terms on the basis of their race, and that there is evidence that GreenPoint had a practice of intentionally targeting minority customers for unfair loans, the Court concludes that plaintiffs' FHA allegations as against GreenPoint are sufficient to withstand the present motion to dismiss.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4701 CAS (Ex) | Date | June 16, 2011 |
|---|---|---|---|
| Title | ALBERTO MEJIA; ET AL. v. EMC MORTGAGE CORPORATION; ET AL. | | |

The Court DENIES defendants' motion to dismiss plaintiffs' FHA claim as against GreenPoint only. In so far as plaintiffs seek to allege a FHA claim against Marin Conveyancing and MERS, the Court GRANTS defendants' motion and dismisses these defendants from the first claim.

**2.   Plaintiffs' Second Claim for Violations of the Civil Rights Act, 42 U.S.C. § 1981 and § 1982**

In support of their second claim, plaintiffs allege that defendants "offered confusing mortgage loans, subprime interest rates that are higher than [what] the normal white owners were offered and failed to modify [p]laintiffs requested loan mortgage." SAC ¶ 36. Plaintiffs second claim is not alleged against any specific defendant. Rather it appears that plaintiffs' allegations relate to EMC's alleged failure to deny their request for loan modification. See SAC ¶¶ 34-35, 37.

Defendants GreenPoint, Marin Conveyance and MERS contend that plaintiffs' Civil Rights Act claim, with respect to the original loan, is barred by a two-year statute of limitation. Mot. at 10. Further, they argue that plaintiffs' allegations that GreenPoint discriminated against them by offering a loan with confusing terms, is inadequate to state a plausible claim. Id. Finally, they argue that plaintiffs fail to identify an impaired "contractual relationship," either by showing that racial discrimination blocked the creation of a contractual relationship, or impaired an existing relationship. Id. (citing Domino's Pizza, Inc. v. McDonald, 546 U.S. 470, 476 (2006)).

Plaintiffs respond that the statute of limitations has not run. Opp'n at 8-9 (citing TRW, Inc. v. Andrews, 534 U.S. 19, 20 (2001)).[4]

The elements of a § 1981 claim are: (1) plaintiff is a member of a protected class; (2) plaintiff attempted to contract for certain services; and (3) plaintiff was denied the

---

[4] In TRW, Inc. v. Andrews, the Court reversed the judgment of the Court of Appeals for the Ninth Circuit, which held that the statute of limitations for the Fair Credit Reporting Act starts running when a party knows or has reason to know she was injured. TRW, Inc. v. Andrews, 534 U.S. 19, 20 (2001).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4701 CAS (Ex) | Date | June 16, 2011 |
|---|---|---|---|
| Title | ALBERTO MEJIA; ET AL. v. EMC MORTGAGE CORPORATION; ET AL. | | |

rights to contract for those services. Lindsey v. SLT Los Angeles, LLC, 447 F.3d 1138, 1145 (9th Cir. 2006). Section 1982 provides that "[a]ll citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property." 42 U.S.C. § 1982. In order to state a claim under section 1982, plaintiffs must demonstrate that (1) they are a members of a racial minority; (2) they applied for and were qualified to rent or purchase certain property or housing; (3) they were rejected; and (4) the housing or rental opportunity remained available thereafter. Phiffer v. Proud Parrot Motor Hotel, Inc., 648 F.2d 548, 551 (9th Cir. 1980).

The fact that GreenPoint approved the Subject Loan, even if plaintiffs ultimately found the terms unfavorable, precludes plaintiffs' ability to assert a claim under the Civil Rights Act, given that it cannot be said that defendants GreenPoint, Marin Conveyance or MERS refused to contract for services on the basis of their race. See, e.g., Akhavein v. Argent Mortg. Co., 2009 WL 2157522, at *6 (N.D. Cal. 2009). Accordingly the Court GRANTS defendants' motion to dismiss GreenPoint, Marin Conveyance and MERS from the second claim.

### 3. Plaintiffs' Third Claim for Violation of the Equal Credit Opportunity Act

In support of their ECOA claim, plaintiffs allege that GreenPoint chose "to use a commission-driven, subjective pricing policy that it knows or should have known had a significant and pervasive impact on minority borrowers." SAC ¶ 39 (citing Ramirez v. GreenPoint Mortg. Funding, Inc., 633 F. Supp. 3d 922 (2008)). Further, plaintiffs cite to data from 2004-2005 revealing that minorities who borrowed from defendant GreenPoint were about 50% more likely to receive high-APR loans than white borrower. Id. ¶ 40 (citing Home Mortgage Disclosure Act of 1975, 12 U.S.C.A § 2801 et seq., § 302 et seq).

Defendants GreenPoint, Marin Conveyance and MERS contend that plaintiffs' ECOA claim fails because, as with their FHA claim, plaintiffs fail to set forth specific acts of discrimination by defendants. Mot. at 11. Further, they argue that plaintiffs merely rely on statistics that do not necessarily pertain to the facts of this case. Id. Finally, defendants argue that plaintiffs' ECOA claim is time-barred by the two year statute of limitations. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                        O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4701 CAS (Ex) | Date | June 16, 2011 |
|---|---|---|---|
| Title | ALBERTO MEJIA; ET AL. v. EMC MORTGAGE CORPORATION; ET AL. | | |

While the Ninth Circuit has not yet articulated a standard for ECOA discrimination claims, other circuits have applied a multi-element test to determine whether a plaintiff has properly pled a claim of discrimination under the ECOA. To establish a prima facie case under ECOA, plaintiffs must demonstrate that: (1) they were a member of a protected class; (2) they applied for credit from defendants; (3) plaintiffs were qualified for the credit; and, (4) despite qualification, plaintiffs were denied credit. Chiang v. Veneman, 385 F.3d 256, 259 (3d Cir. 2004). However, approval of the subject loan does not in and of itself render plaintiff's ECOA claim defective. See Lomboy v. SCME Mortg. Bankers, No. C-09-1160 SC, 2009 WL 1457738, at *8 (N.D. Cal. May 26, 2009) (rejecting the argument that plaintiff has no claim under ECOA unless credit is denied because this restriction is absent from the statute, 15 U.S.C. § 1691(a)); Cf. Chiang v. Veneman, 385 F.3d 256, 259 (3d Cir. 2004) (noting that to plead a ECOA claim plaintiff must allege that they were denied credit despite being qualified).

As set forth above, the standard for pleading discrimination claims is no higher than the relaxed notice pleading standard of Fed. R. of Civ. Pro. 8(a) which only requires a plaintiff give the defendant fair notice of his or her claim and its grounds. Edwards v. Marin Park, 356 F.3d 1058, 2004 WL 112642, *3 (9th Cir. 2004). Rule 8(a) only requires plaintiffs to allege a set of facts entitling them to relief. In so far as plaintiffs allege that GreenPoint extended credit to plaintiffs on unfair terms on the basis of their race, and that GreenPoint had a practice of intentionally targeting minority customers for unfair loans, the Court concludes that plaintiffs' ECOA allegations as against GreenPoint are sufficient to withstand the present motion to dismiss.

The Court DENIES defendants' motion to dismiss plaintiffs' ECOA claim as against GreenPoint only. In so far as plaintiffs seek to allege an ECOA claim against Marin Conveyancing and MERS, the Court GRANTS defendants' motion and dismisses these defendants.

### 4.     Plaintiffs' Fourth Claim  for Violation of the Truth in Lending Act

Plaintiffs allege that defendants violated TILA by engaging in fraudulent, misleading, and deceptive practices that conceal creditor and consumer transactional documents. SAC ¶ 47. They further allege that they have the right to rescind the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4701 CAS (Ex) | Date | June 16, 2011 |
|---|---|---|---|
| Title | ALBERTO MEJIA; ET AL. v. EMC MORTGAGE CORPORATION; ET AL. | | |

transaction under TILA pursuant to 15 U.S.C. § 1635(a) and 12 C.F.R. § 226.23(a)(4). Id. They allege defendants failed to provide them with copies of the original mortgage paperwork despite written requests.

Plaintiffs further allege that defendants concealed facts by refusing to provide them with the requested documents in October/November of 2008, thus preventing plaintiffs from knowing that a cause of action existed. Id. at ¶ 18. Accordingly, plaintiffs argue that they did not know their rights had been violated until November 2008.

Defendants contend that plaintiffs' TILA claim for damages is barred by a one-year statute of limitations, and that this period should not be equitably tolled because plaintiffs were in full possession of all information relevant to the discovery of the alleged TILA violations at the time the loan was consummated in December 2005. Mot. at 12.

The statute of limitations for a TILA damages claim is one year from the date of the alleged TILA violation. 15 U.S.C. § 1640(e). In so far as plaintiffs allege a TILA violation with regard to the original loan, which originated in December 2005, the Court finds that plaintiffs' TILA claim for monetary damages is time-barred, unless the doctrine of equitable tolling applies. See King v. Cal., 784 F.2d 910, 915 (9th Cir. 1986). The Ninth Circuit has held that equitable tolling of claims for damages under TILA may be appropriate "in certain circumstances," and can operate to "suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action." Id. at 914-15. District courts have discretion to evaluate specific claims of fraudulent concealment and equitable tolling and "to adjust the limitations period accordingly." Id. at 915. "Because the applicability of the equitable tolling doctrine often depends on matters outside the pleadings, it 'is not generally amenable to resolution on a Rule 12(b)(6) motion.'" Supermail Cargo, Inc. v. U.S., 68 F.3d 1204, 1206 (9th Cir. 1995). However, when a plaintiff does not allege any facts demonstrating that he or she could not have discovered the alleged violations by exercising due diligence, dismissal may be appropriate. See Meyer v. Ameriquest Mortg. Co., 342 F.3d 899, 902-03 (9th Cir. 2003) (dismissing TILA claim and equitable tolling of the claim because plaintiff was in full possession of all loan documents and did not allege any concealment of loan documents or other action that would have prevented discovery of the alleged TILA violations).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4701 CAS (Ex) | Date | June 16, 2011 |
|---|---|---|---|
| Title | ALBERTO MEJIA; ET AL. v. EMC MORTGAGE CORPORATION; ET AL. | | |

Despite plaintiffs' allegations that defendants refused to provide them their requested documents in October/November 2008, the Court finds that plaintiffs have not pled any facts to demonstrate that they could not have discovered the alleged TILA violations by exercising due diligence at the time of the origination of the loan. Plaintiffs' alleged TILA claim arose upon the consummation of the loan in December 2005, and the statute of limitations on plaintiffs' claim for damages expired in December of 2006. However, plaintiffs did not file the instant action until June of 2009. Thus, the Court concludes that dismissal of plaintiffs' TILA claim for damages with prejudice is appropriate.

As to plaintiffs' TILA claim for rescission, defendants contend that plaintiffs fail to allege that they have the capacity to pay back what they received from the lender. Mot. at 13. Further, they argue that the claim is barred by a three year statute of limitations. Id. at 12.

The remedy of rescission is available for three years under TILA § 125(f), 15 U.S.C. § 1635(f), but only where a borrower is willing and able to tender the balance on the promissory note. See Yamamoto v. Bank of N.Y., 329 F.3d 1167, 1173 (9th Cir. 2003)("Rescission should be conditioned on repayment of the amounts advanced by the lender."); LaGrone v. Johnson, 534 F.2d 1360, 1392 (9th Cir. 1974). The Court finds that plaintiffs have not stated a claim for rescission under TILA because they have failed to allege that they have tendered or intend to tender the borrowed funds back to defendants. Moreover, the Court finds that plaintiffs' TILA claim for rescission expired in December 2008, and is time barred. For these reasons, the Court concludes that dismissal of plaintiffs' TILA claim for rescission with prejudice is appropriate.

The Court GRANTS defendants' motion to dismiss plaintiffs' claim for violation of TILA with prejudice as to GreenPoint, Marin Conveyance and MERS.

### 5.     Plaintiffs' Fifth Claim for Breach of Contract

Plaintiffs allege that defendants have breached the original mortgage contract by offering confusing loan rates in four different amounts, by not disclosing pertinent documents, and by not responding to plaintiffs' request for documents. SAC ¶ 53.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4701 CAS (Ex) | Date | June 16, 2011 |
|---|---|---|---|
| Title | ALBERTO MEJIA; ET AL. v. EMC MORTGAGE CORPORATION; ET AL. | | |

Defendants contend that plaintiffs' breach of contract claim fails because they fail to specifically identify the contract they allegedly breached. Mot. at 15. Moreover, they argue that plaintiffs fail to identify the contractual provisions that defendants had a duty to disclose pertinent loan documents. Id. Plaintiffs respond that their breach of contract claim is sufficiently pled because GreenPoint had a written contractual relationship with plaintiffs and they allege that defendants are a "creditor" within the meaning of TILA. Opp'n at 13. In this way, they argue that defendants failed to provide certain documents required by TILA and the Real Estate Settlement Procedures Act ("RESPA"). Id. at 14. Defendants reply that in so far as plaintiffs are attempting to plead a statutory violation, this claim is time-barred. Reply at 9-10.

The Court finds that plaintiffs' claim for breach of contract is defective. A claim for breach of contract requires a pleading of (1) the contract, (2) plaintiff's performance or excuse for non-performance, (3) defendant's breach, and (4) damage to plaintiff therefrom. See, e.g., Acoustics, Inc. v. Trepte Construction Co., 14 Cal. App. 3d 887, 913 (1971) (citing 2 Witkin, Cal. Procedure (1954) Pleading, § 251). Plaintiffs have not sufficiently pled essential elements of a breach of contract claim, i.e., the terms of any contract that would give rise to a claim for breach. For example, plaintiffs fail to plead how GreenPoint, Marin Conveyance and MERS breached the terms of said contract by EMC's alleged failure to provide plaintiffs the requested documents in October/November 2008. Given that plaintiffs have had two opportunities to amend and cure the same defect, the Court concludes that dismissal with prejudice of the breach of contract claim is appropriate.

The Court GRANTS defendants' motion to dismiss GreenPoint, Marin Conveyance and MERS from the fifth claim.

**6.     Plaintiffs' Sixth Claim for Breach of the Implied Covenant of Good Faith and Fair Dealing**

Plaintiffs allege that defendants have breached the implied covenant of good faith and fair dealing by "interfering with or failing to cooperate with Plaintiffs in the performance with the terms and conditions of the contract." SAC ¶ 53 (citing Sutherland v. Barclays American/Mortgage Corp., 53 Cal. App. 4th 299 (1997)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4701 CAS (Ex) | Date | June 16, 2011 |
|---|---|---|---|
| Title | ALBERTO MEJIA; ET AL. v. EMC MORTGAGE CORPORATION; ET AL. | | |

Defendants contend that plaintiffs' sixth claim fails because California courts have refused to extend the covenant of good faith and fair dealing to non-insurance cases, in the absence of a independent duty arising from principles of tort law. Mot. at 17. Further they argue that plaintiffs do not plead any actions that would give rise to a claim for bad faith. Id. Plaintiffs respond that because they allege that defendants failed to comply with TILA and RESPA, they have sufficient pled their sixth claim. Opp'n at 14.

"There is an implied covenant of good faith and fair dealing in every contract that neither party will do anything which will injure the right of the other to receive the benefits of the agreement." Kransco v. American Empire Surplus Lines Ins. Co., 23 Cal.4th 390, 400 (2000) (quoting Comunale v. Traders & General Ins. Co., 50 Cal.2d 654 (1958)). "The prerequisite for any action for breach of the implied covenant of good faith and fair dealing is the existence of a contractual relationship between the parties, since the covenant is an implied term in the contract." Smith v. City and County of San Francisco, 225 Cal. App. 3d 38, 49 (1990). "Without a contractual relationship, [plaintiffs] cannot state a cause of action for breach of the implied covenant." Id. at 49.

The "implied covenant of good faith and fair dealing is limited to assuring compliance with the express terms of the contract, and cannot be extended to create obligations not contemplated by the contract." Pasadena Live, LLC v. City of Pasadena, 114 Cal. App. 4th 1089, 1093-1094 (2004). "[T]he implied covenant will only be recognized to further the contract's purpose; it will not be read into a contract to prohibit a party from doing that which is expressly permitted by the agreement itself." Wolf v. Walt Disney Pictures and Television, 162 Cal. App. 4th 1107, 1120 (2008). "The covenant 'cannot impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of their agreement.'" Agosta v. Astor, 120 Cal. App. 4th 596, 607 (2004).

As set forth before, plaintiffs have failed to allege that GreenPoint, Marin Conveyance and MERS breached the terms of any contract that would give rise to a claim for breach. Accordingly, the SAC fails to allege any breach which could invoke the implied covenant of good faith and fair dealing. See Rendon v. Countrywide Home Loans, Inc., 2009 WL 3126400, at *11-12 (E.D. Cal. 2009). Moreover, even in the absence of a stated implied covenant claim, no implied covenant tort is available to plaintiffs. "Generally, no cause of action for the tortious breach of the implied covenant

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4701 CAS (Ex) | Date | June 16, 2011 |
|---|---|---|---|
| Title | ALBERTO MEJIA; ET AL. v. EMC MORTGAGE CORPORATION; ET AL. | | |

of good faith and fair dealing can arise unless the parties are in a 'special relationship' with 'fiduciary characteristics.'" Pension Trust Fund v. Federal Ins. Co., 307 F.3d 944, 955 (9th Cir. 2002) (applying California law). Plaintiffs allege no facts of a special relationship between GreenPoint, Marin Conveyance, MERS and plaintiffs to invoke a fiduciary or other relationship to impose a tortious bad faith claim. Nor does it appear that any special relationship can be alleged. Accordingly, the Court concludes that dismissal of the breach of the implied covenant of good faith and fair dealing with prejudice is appropriate.

The Court GRANTS defendants' motion to dismiss GreenPoint, Marin Conveyance and MERS from the sixth claim.

**7.     Plaintiffs' Seventh Claim for Fraud**

In their SAC, plaintiffs allege that defendants Escrow Spectrum, GreenPoint, and subsequently EMC, as servicer/lender of the Subject Loan, "engaged in fraudulent activities by giving plaintiffs different interest rates and not disclosing the true terms of the contract." SAC ¶ 58. Specifically, plaintiffs allege that Escrow Spectrum, through escrow officer Lorreta Ferro, and GreenPoint made fraudulent misrepresentations and omissions during the origination of the Subject Loan in November and December of 2005, which include providing inaccurate information in the appraisal report. Id. As to EMC, plaintiffs allege that EMC's agents have "constantly and intentionally omitted information with regards to who is the current owner of the note." Id. Further, they allege that although EMC's customer service representative Roy Lorraine and supervisor Angela Holley both represented that the note is owned by EMC and that a loan modification was being worked out, EMC has also represented that it is "merely the servicer of the [Subject Loan]." Id. ¶¶ 58, 59. Plaintiffs also allege that EMC and GreenPoint made statements and assurances that the terms of the Subject Loan approved for a 30 year term at a 2% interest rate, would not change, when in fact Id. ¶ 58. Finally, plaintiff alleges that EMC "has no intention of completing the loan modification process" and that it "omitted to disclose to plaintiffs their true intentions, which were to intentionally trick and confuse the plaintiffs out of a property interest, equity in their home and/or money." Id. ¶ 60.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4701 CAS (Ex) | Date | June 16, 2011 |
|---|---|---|---|
| Title | ALBERTO MEJIA; ET AL. v. EMC MORTGAGE CORPORATION; ET AL. | | |

O

### a. Defendant EMC

In its February 22, 2010 order, the Court dismissed plaintiffs' claim for fraud against EMC because the FAC's allegations failed to identify with particularity the circumstances of the allegedly fraudulent misrepresentations and omissions made by EMC. Rather, the Court found that it appears that plaintiffs' allegations as to fraud relate to the issuance of the original loan by Greenpoint.

EMC contends that plaintiffs' claim for fraud pled in the SAC still fails to sufficiently plead the requisite elements of the tort for fraud which are: (1) a false representation of a material fact; (2) knowledge of the falsity; (3) intent to induce another into relying on the representation; (4) reliance on the representation; and (5) resulting damage. Mot. at 2 (citing 5 Witkin, California Procedure, Pleadings, § 668, at 123 (1997)). EMC reiterates that because it was not the originating lender of the Subject Loan and not involved in the underlying transaction, plaintiffs' allegations of misrepresentations made during the issuance of the loan fail to support a claim for fraud against EMC. Id. at 3. As to plaintiffs' allegations that EMC has fraudulently concealed who is the current owner of the note, EMC contends that plaintiffs fail to state a claim for fraudulent concealment because plaintiffs do not indicate how they have been damaged by the purported concealment or that EMC maintains a fiduciary relationship with plaintiffs which imposes such a duty to disclose this fact. Id. at 4-5 (citing Cal. Civ. Code § 1710). Finally, EMC asserts that it is not a lender, but assuming that it is, as plaintiff alleges, EMC does not owe a fiduciary duty to plaintiffs as a matter of law because a bank does not owe a fiduciary duty to its loan customers. Id. at 5 (Price v. Wells Fargo Bank, 213 Cal. App. 3d 465, 476 (1989)).

Plaintiffs respond that they have sufficiently pled a claim for fraud against EMC because they allege that EMC has accepted mortgage payments without showing that it is the current owner of the note and thus has the authority to accept payments. Opp'n at 3. Plaintiffs assert that a loan officer from GreenPoint falsely represented the terms of the Subject Loan, and that EMC should effectively be held liable because it "continues to enforce a fraudulent loan, [in that it] continues to accrue[] excessive interests for the lenders for whom EMC represent." Id. at 3-4. Plaintiffs also assert that EMC continues to commit fraud by offering a loan modification that "falls under predatory lending." Id. at 5.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                     O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4701 CAS (Ex) | Date | June 16, 2011 |
|---|---|---|---|
| Title | ALBERTO MEJIA; ET AL. v. EMC MORTGAGE CORPORATION; ET AL. | | |

The Court finds that plaintiffs have failed to cure the deficiencies of the original complaint and FAC, in that they fail to identify with particularity any circumstances of the allegedly fraudulent misrepresentations and omissions made by EMC during the origination of the Subject Loan. See Fed. R. Civ. P. 9(b); see also Lancaster Cmty. Hosp. v. Antelope Valley Dist., 940 F.2d 397, 405 (9th Cir. 1991) (finding that the standard "requires a pleader of fraud to detail with particularity the time, place, and manner of each act of fraud, plus the role of each defendant in each scheme"). Nor does it appear that plaintiffs can allege such facts given that GreenPoint, and not EMC, was the original lender. See Def.'s RJN Ex. 2. As to plaintiffs' allegations that EMC falsely concealed who is the "current owner of the note," the Court finds that plaintiffs fail to allege that EMC was under a duty to disclose such information, or more importantly, that its alleged failure to do so caused plaintiffs to act differently causing plaintiffs to sustain damages.[5] Rather, it appears plaintiffs are objecting to the terms of the loan modification allegedly offered by EMC. Accordingly, the Court concludes that dismissal with prejudice of plaintiffs' fraud claim as against EMC is appropriate.

---

[5] To establish a claim for fraudulent concealment, a plaintiff must allege that: (1) the defendant concealed or suppressed a material fact, (2) the defendant was under a duty to disclose the fact to the plaintiff, (3) the defendant intentionally concealed or suppressed the fact with the intent to defraud the plaintiff, (4) the plaintiff was unaware of the fact and would not have acted as he did if he had known of the concealed or suppressed fact, and (5) as a result of the concealment or suppression of the fact, the plaintiff sustained damage. Hahn v. Mirda, 147 Cal. App. 4th 740 (2007). A duty to disclose exists if one of four circumstances exist: (1) the defendant is in a fiduciary relationship with the plaintiff; (2) the defendant has exclusive knowledge of material facts not known to the plaintiff; (3) the defendant actively conceals a material fact from the plaintiff, or (4) the defendant makes partial representations but also suppresses some material facts. LiMandri v. Judkins, 52 Cal. App. 4th 326, 337 (1997).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4701 CAS (Ex) | Date | June 16, 2011 |
|---|---|---|---|
| Title | ALBERTO MEJIA; ET AL. v. EMC MORTGAGE CORPORATION; ET AL. | | |

### b. Defendants GreenPoint, Marin Conveyance and MERS

Defendants contend that plaintiffs fail to allege their claim for fraud against GreenPoint, Marin Conveyance and MERS with sufficient particularity under Fed. R. Civ. P. 9(b). Mot. at 18. Moreover, they argue that the loan documents clearly disclose the terms of the Subject Loan. Id. at 19. Plaintiffs respond that GreenPoint and Escrow Spectrum made fraudulent misrepresentations to plaintiffs regarding the terms of the Subject Loan with the intention of "cheating them." Opp'n at 15. In support of this argument, plaintiffs cite to exhibit 2 attached to their SAC where an escrow officer from Escrow Spectrum allegedly represented to plaintiffs that the Subject Loan would be a 2% fixed rate, for a 30 year term. Id. Defendants reply that plaintiffs still fail to identify anyone they spoke with employed by defendants, let alone any knowingly false misrepresentations made by any defendants. Reply at 11. Further, they reiterate that plaintiffs cannot claim justifiable reliance upon any statements made by parties that are contrary to their loan contract. Id.

As the Court noted in its October 19, 2009 order, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." See Fed. R. Civ. P. 9(b); see also Lancaster Cmtv. Hosp. V. Antelope Valley Dist., 940 F.2d 397, 405 (9th Cir. 1991) (finding that the standard "requires a pleader of fraud to detail with particularity the time, place, and manner of each act of fraud, plus the role of each defendant in each scheme"). When a party pleads fraud against a corporation, as the plaintiffs in this case, the already heightened pleading standard is further heightened. "The requirement of specificity in a fraud action against a corporation requires the plaintiff to allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written."[6] Tarmann v. State Farm Mut. Auto. Ins. Co., 2 Cal.

---

[6] The requirement is relaxed where "the defendant must necessarily possess full information concerning the facts of the controversy," Bradley v. Hartford Acc. & Indem. Co., 30 Cal. App.3d 818, 825 (1973), or "when the facts lie more in the knowledge of the opposite party[.]" Turner v. Milstein, 103 Cal. App.2d 651, 658 (1951). However, relaxing the standard is inappropriate in this case because plaintiffs signed the loan document and dealt with a myriad of persons and entities, and therefore should be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4701 CAS (Ex) | Date | June 16, 2011 |
|---|---|---|---|
| Title | ALBERTO MEJIA; ET AL. v. EMC MORTGAGE CORPORATION; ET AL. | | |

O

App. 4th 153, 157 (1991). The Court finds that plaintiffs fail to identify with particularity any circumstances of the allegedly fraudulent misrepresentations and omissions made by GreenPoint, Marin Conveyance and MERS during the origination of the Subject Loan. Nor does it appear that plaintiffs can allege such facts, given that they has had two opportunities to amend their fraud claim and the deed of trust, which plaintiffs signed, clearly indicates that it is subject to adjustable arm note. Accordingly, the Court concludes that dismissal with prejudice of plaintiffs' fraud claim with prejudice is appropriate.

The Court GRANTS defendants' motion to dismiss EMC, GreenPoint, Marin Conveyance and MERS from plaintiffs' seventh claim.

## IV. CONCLUSION

In accordance with the foregoing, the Court GRANTS EMC's motion to dismiss plaintiffs' seventh claim for fraud against EMC with prejudice.

The Court GRANTS in part and DENIES in part defendants' Capital One, GreenPoint, Marin Conveyancing, and MERS' motion to dismiss. Specifically, the Court grants defendants' motion to dismiss with prejudice all claims against Capital One, MERS and Marin Conveyancing. As to claims 1 and 3, for violations of the FHA and the ECOA, the Court denies defendants' motion to dismiss as to GreenPoint only. The Court grants defendants' motion to dismiss with prejudice claims 2, 4, 5, 6, 7 as to GreenPoint.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |

---

required to specify who made the allegedly fraudulent representations to them. See Akhavein v. Argent Mortg. Co., 2009 WL 2157522, at *3 (N.D. Cal. July 18, 2009).