UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4701 CAS (CFEx) | Date | February 2, 2012 |
|---|---|---|---|
| Title | ALBERTO MEJIA; ET AL. v. EMC MORTGAGE CORPORATION; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine M. Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(In Chambers:) DEFENDANT JPMORGAN CHASE BANK'S MOTION TO DISMISS** (filed 09/07/11)

**DEFENDANTS CAPITAL ONE FINANCIAL GROUP, GREENPOINT MORTGAGE FUNDING, INC., MARIN CONVEYANCING CORP, & MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.'S MOTION TO DISMISS** (filed 08/29/11)

## I.   INTRODUCTION & BACKGROUND

On June 30, 2009, plaintiffs Alberto Mejia and Blanca Mejia filed the instant action against defendants EMC Mortgage Corporation ("EMC"), Escrow Spectrum Inc. ("Escrow Spectrum"), GreenPoint Mortgage ("GreenPoint"), JPMorgan Chase Bank, N.A. and Does 1 through 50.

EMC and JPMorgan Chase filed a motion to dismiss on August 4, 2009. On October 19, 2009, the Court granted defendants' motion to dismiss plaintiffs' complaint against EMC and JPMorgan Chase with leave to amend.

Plaintiffs filed a first amended complaint ("FAC") on November 25, 2009, alleging claims for: (1) violation of the Fair Housing Act ("FHA"), 42 U.S.C §§ 3601–3619; (2) violation of the Civil Rights Act ("CRA"), 42 U.S.C § 1981 and § 1982; (3) violation of the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C § 1691; (4) violation of the Truth in Lending Act ("TILA"), 15 U.S.C § 1605 et seq.; (5) breach of contract; (6) breach of the implied covenant of good faith and fair dealing; and (7) fraud.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4701 CAS (CFEx) | Date | February 2, 2012 |
|----------|------------------------|------|-------------------|
| Title | ALBERTO MEJIA; ET AL. v. EMC MORTGAGE CORPORATION; ET AL. | | |

On February 22, 2010, the Court granted in part and denied in part defendants EMC and JPMorgan Chase's motion to dismiss plaintiff's FAC.  Specifically, the Court dismissed plaintiffs' complaint against JPMorgan Chase in its entirety with prejudice.  As to the claims against defendant EMC, the Court dismissed with prejudice plaintiffs' fourth, fifth and sixth claims for violations of TILA, breach of contract, and breach of the implied covenant of good faith and fair dealing.  The Court dismissed plaintiffs' seventh claim for fraud against EMC with leave to amend.  The Court denied defendants' motion to dismiss plaintiffs' first, second and third claims against EMC for violations of the FHA, CRA, and ECOA, respectively.

On March 9, 2010, plaintiffs filed a second amended complaint ("SAC") against existing defendants GreenPoint, EMC, and Escrow Spectrum, and added new defendants Capital One Financial Group ("Capital One"); Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for GreenPoint and EMC in the county land of record; and Marin Conveyancing Corp. ("Marin Conveyancing").  In their SAC, plaintiffs realleged the existing seven claims.  On March 26, 2010, EMC filed a motion to dismiss plaintiff's seventh claim for fraud.  On April 9, 2010, Capital One, GreenPoint, Marin Conveyancing, and MERS filed a motion to dismiss plaintiffs' SAC in its entirety.  On June 16, 2011, the Court granted EMC's motion to dismiss plaintiff's seventh claim for fraud with prejudice.  The Court granted in part and denied in part defendants' Capital One, GreenPoint, Marin Conveyancing, and MERS' motion to dismiss.  Specifically, the Court granted defendants' motion to dismiss all claims against Capital One, MERS, and Marin Conveyancing with prejudice.  As to the first and third claims, for violations of FHA and ECOA, the Court denied defendants' motion to dismiss only as to GreenPoint.  All other claims in the SAC were dismissed as to GreenPoint with prejudice.

On June 27, 2011, plaintiffs filed their motion for leave to file a third amended complaint ("TAC"), which the Court granted on August 10, 2011.  Plaintiffs' filed their TAC against GreenPoint, MERS, Marin Conveyancing, EMC, JPMorgan Chase and Does 1–10.  The TAC realleges the first, second, and third claims for violations of the FHA, CRA and ECOA, respectively.  The TAC also alleges the following claims: fourth claim for violation of the Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750; fifth claim for violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, et seq.; sixth claim for violation of California's Rosenthal Fair Debt Collection Practices Act ("RFDCPA"); seventh claim for Civil Conspiracy; and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4701 CAS (CFEx) | Date | February 2, 2012 |
|---|---|---|---|
| Title | ALBERTO MEJIA; ET AL. v. EMC MORTGAGE CORPORATION; ET AL. | | |

eighth claim for violation of Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961.[1]

The real property that is the subject of this dispute is located at 243 Sunburst Lane, Corona, California 92879 (the "Property").  TAC ¶ 4.  A Grant Deed was recorded on December 10, 2004, with the Riverside County Recorder's Office wherein plaintiffs were granted legal title to the Subject Property.  Def. EMC's Request for Judicial Notice ("RJN"), Exh. 1.  Plaintiffs allege that they applied for a mortgage loan from Greenpoint on November 10, 2005, which was approved in December 2005.  TAC ¶¶ 13, 14.

Although the Deed of Trust ("DOT") indicates that the Subject Loan is subject to an adjustable rate rider, plaintiffs allege it was their belief that the loan was in the amount of $750,000 with a 2% fixed interest rate on a 30-year term.  TAC ¶¶ 14–15.  According to plaintiffs, sometime in 2006 EMC notified them that it had acquired the Subject Loan, and that sometime in October or November 2008, EMC asked plaintiffs for an increase in mortgage payments.  Id. ¶ 14.  After they received this notice, plaintiffs allegedly requested copies of the loan documents which went unanswered.  Id.  Instead, they received three different copies of the Truth in Lending Disclosure statements.  Id. ¶ 16; Exhs. 5–7.  Finally, plaintiffs allege that they are Hispanic, and therefore qualify as minority homeowners.  Id. ¶ 4.

On August 24, 2011, defendants Capital One, GreenPoint, Marin Conveyancing and MERS (collectively, "Capital One Defendants") filed their motion to dismiss the TAC.  On September 7, 2011, defendant JPMorgan Chase, on behalf of itself and as successor-in-interest to EMC, (collectively, "Chase") filed its motion to dismiss the TAC.

After hearing oral arguments on October 24, 2011, the Court granted plaintiffs seven days to file a supplement to the opposition to their TAC, which plaintiffs filed on October 28, 2011.  The supplement contained four exhibits.  Exhibits 14, 15 and 16 are written declarations by people who previously worked for defendants CHASE/EMC,

---

[1]The TAC's heading also states a claim for (9) violation of the Fair Debt Collection Practices Act ("FDCPA"); 15 U.S.C. § 1692; however, this claim is not pled in the body of the TAC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4701 CAS (CFEx) | Date | February 2, 2012 |
|----------|----------------------|------|------------------|
| Title | ALBERTO MEJIA; ET AL. v. EMC MORTGAGE CORPORATION; ET AL. | | |

filed in relation to an unrelated, ongoing class action suit.  Exhibit 17 is a copy of a Loan Modification Agreement.  On November 17, 2011,  defendants Chase and Capital One Defendants filed responses to plaintiffs' supplement.  These documents have now been reviewed and considered by the Court.  After carefully considering the arguments set forth by both parties, the Court finds and concludes as follows.

## II.    LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "[F]actual allegations must be enough to raise a right to relief above the speculative level."  Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them.  Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998).  The complaint must be read in the light most favorable to the nonmoving party.  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995).  However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).  Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

*O*

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4701 CAS (CFEx) | Date | February 2, 2012 |
|---|---|---|---|
| Title | ALBERTO MEJIA; ET AL. v. EMC MORTGAGE CORPORATION; ET AL. | | |

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials).  In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201.  In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6).  United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted.  Fed. R. Civ. P. 15(a).  However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."  Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

## III.   DISCUSSION

Capital One Defendants move to dismiss plaintiffs' TAC in its entirety.[2]  Chase moves to dismiss plaintiffs' claims for violations of CLRA, UCL, RFDCPA, civil conspiracy, and RICO.

As an initial matter, the Court's June 16, 2011 order dismissed all claims against Capital One with prejudice.  See Dkt. No. 62.  The Court hereby incorporates that discussion herein, and reaffirms that Capital One is not a proper defendant in this action.

---

[2]Defendants also filed a request for Judicial Notice of the Deed of Trust, dated December 22,  2005 and recorded in Riverside County on December 30, 3005 as Instrument Number 2005-1077097.  The Court GRANTS this request.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4701 CAS (CFEx) | Date | February 2, 2012 |
|---|---|---|---|
| Title | ALBERTO MEJIA; ET AL. v. EMC MORTGAGE CORPORATION; ET AL. | | |

Plaintiffs' claims against the remaining defendants are considered in turn.

### A.     First, Second, and Third Claims for Violations of the Fair Housing Act, Civil Rights Act, and Equal Credit Opportunity Act

Plaintiffs' first, second, and third claims in the TAC are identical to the first three claims asserted in the SAC.  As with the claims above against Capital One, the Court incorporates its June 16, 2011 order in which it permitted the first and third claims to proceed against GreenPoint but dismissed those claims as to Capital One, MERS, and Marin Conveyancing with prejudice.  See Dkt. No. 62.  The Court further dismissed the second claim as to all Capital One Defendants with prejudice.  Id.  The Court declines to revisit those rulings.

### B.     Fourth Claim  for Violation of the Consumer Legal Remedies Act

The CLRA proscribes certain "unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale of lease of goods or services to any consumer. . . ." Cal. Civ. Code § 1770.

Plaintiffs allege that defendants violated CLRA, Cal. Civ. Code § 1750 et seq., by engaging in deceptive advertising practices and making false representations to consumers.  TAC ¶¶ 43–44.  Specifically, plaintiffs allege that defendants accepted payments under a temporary loan modification, as a condition for the promised modification, without having a reasonable basis to believe the loan would be permanently modified.  Id.  ¶ 44.  Additionally, they allege defendants also instructed plaintiffs to stop making mortgage payments and subjected them to increased negative consequences.  Id.  According to plaintiffs, defendants also misrepresented the terms of and balances of plaintiffs' loan.

Both defendants seek dismissal of plaintiffs' fourth claim on the ground that the CLRA does not apply to mortgage loans.  Capital One Mot. at 15 (citing Berry v. American Express Pub, Inc., 147 Cal. App. 4th 224, 233 (2007)); Chase Mot. at 3 (citing Consumer Solutions REO, LLC v. Hillery, 658 F. Supp. 2d 1002 (2009)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4701 CAS (CFEx) | | Date | February 2, 2012 |
|---|---|---|---|---|
| Title | ALBERTO MEJIA; ET AL. v. EMC MORTGAGE CORPORATION; ET AL. | | | |

The Court finds that dismissal is warranted. The CLRA only applies to goods, which are primarily defined as "tangible chattels," and services, which are defined as "work, labor, and services for other than commercial or business use . . ." Cal. Civ. Code § 1761(a) and (b). The CLRA does not apply to mortgage loans, such as the one at issue here, because a loan is not a good or service. See Consumer Solutions, 658 F.Supp.2d 1002, 1116. See also Fairbanks v. Superior Court, 46 Cal.4th 56, 92 (2009) (holding that life insurance is not a good or service as defined by CLRA).

Because the CLRA does not apply to mortgage loans, plaintiffs have failed to state a claim thereunder and leave to amend would be futile. Accordingly, the Court GRANTS Capital One's motion and Chase's motion to dismiss plaintiffs' fourth claim with prejudice.

### C. Fifth Claim for Violation of California Business and Professions Code § 17200 et seq.

California's UCL encompasses "anything that can properly be called a business practice and that at the same time is forbidden by law . . . It governs 'anti-competitive business practices' as well as injuries to consumers, and has as a major purpose 'the preservation of fair business competition.'" Cel-Tech Comm'ns, Inc. v. L.A. Cellular Tel. Co., 20 Cal. 4th 163, 180 (1999) (internal citations omitted). A defendant's violation of the UCL permits a plaintiff to recover restitution or other equitable remedies, but not money damages. Pineda v. Bank of Am., N.A., 50 Cal. 4th 1389, 1401 (2010); Kaldenback v. Mut. of Omaha Life Ins. Co., 178 Cal. App. 4th 830, 847 (Cal. Ct. App. 2009).

Plaintiffs allege that defendants engaged in unlawful, deceptive and unfair business acts or practices by violating an FTC order.[3] TAC ¶ 47. Further, plaintiffs argue a litany of other behavior constituting unfair practices including improper loan modification in violation of Cal. Civ. Code § 2923.6, violations of the Dodd-Frank Wall Street Reform &

---

[3]Plaintiffs cite a stipulated final judgment entered into on January 9, 2008 in U.S.D.C. Texas Case No. 08-338. That order enjoined Chase from practices including misrepresentations regarding the amounts of payments and fees due on a loan.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4701 CAS (CFEx) | | Date | February 2, 2012 |
|----------|------------------------|---|------|------------------|
| Title | ALBERTO MEJIA; ET AL. v. EMC MORTGAGE CORPORATION; ET AL. | | | |

Consumer Protection Act in violation of Pub. L. No. 111-203, breach of contract, fraud, and unjust enrichment. Id. ¶¶ 47–49.

Capital One Defendants argue that plaintiffs identify only Chase's actions to establish a violation of the UCL. Capital One Mot. at 17. Capital One Defendants further argue that plaintiffs have failed to allege any underlying constitutional, statutory or regulatory violation. Id. at 18–19.

Chase argues that plaintiffs lack standing to assert a UCL claim because they have failed to allege lost money or property resulting from a violation of the UCL. Chase Mot. at 4. Chase further contends that the UCL is merely an attempt by plaintiffs to revive previously dismissed breach of contract and fraud claims. Id. at 5.

The Court finds that plaintiffs have failed to properly allege violations of California's UCL. To the extent plaintiffs allege violations of the UCL pursuant to violations of the CLRA, those claims fail for the reasons stated above. Further, plaintiffs' reliance on alleged violations of a prior FTC order and Cal. Civ. Code § 2923.6 fails because neither grant private rights of action. See Flood v. Nat'l Football League, 2009 WL 86577, *2 (E.D. Cal. 2009) ("[T]he Federal Trade Commission Act . . . confers no private right of action."); Izenberg v. ETS Servs., LLC, 589 F. Supp. 2d 1193, 1201 n.20 (C.D. Cal. 2008) ("[T]he FTC Act does not provide a private right of action."); Farmer v. Countrywide Home Loans, 2009 WL 189025, *2 (S.D. Cal. 2009) ("[N]othing in Cal. Civ. Code § 2923.6 imposes a duty on servicers of loans to modify the terms of loans or creates a private right of action for borrowers."). Moreover, plaintiffs' averments regarding defendants' alleged breach of contract, fraud, unjust enrichment, and unfair / deceptive business practices simply set forth no facts in support of them, and indeed those claims were previously dismissed by the Court.[4] Finally, plaintiffs have failed to allege facts establishing any restitutionary or other equitable remedies to which they might be entitled. TAC ¶ 50 (alleging that plaintiffs "have suffered injury in fact and face lost money or property and have been damaged in an amount to be determine[d]

---

[4]Plaintiffs' contentions under the recently enacted Dodd-Frank Act also fail because the provisions of the act do not apply retroactively. See PL 111-203, 2010 HR 4173, July 21, 2010, 124 Stat. 1376, Sec. 1400(c).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4701 CAS (CFEx) | Date | February 2, 2012 |
|---|---|---|---|
| Title | ALBERTO MEJIA; ET AL. v. EMC MORTGAGE CORPORATION; ET AL. | | |

according to proof at the time of trial"). These types of damages, however, are not recoverable under the UCL. Pineda, 50 Cal. 4th at 1401.

Accordingly, the Court GRANTS Capital One's and Chase's motions to dismiss as to plaintiffs' fifth claim with prejudice.[5]

/ / /

/ / /

_____

[5]In their supplement, plaintiffs attach three declarations from an unrelated class action suit, Jean Wilcox v. EMC Mortgage Co. (Case No. 8:10-cv-01923), to support their assertion that defendants have violated the UCL. Supp. to Opp'n at 2, Exhs. 14–16. To the extent that these declarations show actions taken by JPMorgan Chase that may constitute violations of the UCL, they pertain to an unrelated case, and plaintiffs fail to allege facts showing similar actions were taken by defendants in this case. Although the Court "may take judicial notice of the existence of unrelated court documents . . . it will not take judicial notice of such documents for the truth of the matter asserted therein." In re Bare Escentuals, Inc. Sec. Lit., 745 F. Supp. 2d 1052, 1067 (N.D. Cal. 2010) (in considering defendant's motion to dismiss, the court noticed the existence of unrelated court documents, but would not take judicial notice of the documents for the truth of the matter asserted therein); see also McMunigal v. Bloch, No. C 10-02765 SI, 2010 WL 5399219, *2 n.1 (N.D. Cal. Dec. 23, 2010) (granting judicial notice of documents filed in another lawsuit for purposes of noticing the existence of the lawsuit, claims made in the lawsuit, and that various documents were filed, but not for the truth of the matters asserted therein).

Moreover, as stated above, plaintiffs fail to state a claim for restitution or injunctive relief as required by the UCL. See Kraus v. Trinity Management Services, Inc., 23 Cal. 4th 116, 126 (2000) ("Through the UCL a plaintiff may obtain restitution and/or injunctive relief against unfair or unlawful practices in order to protect the public and restore to the parties in interest money or property taken by means of unfair competition."). Accordingly, plaintiffs' supplemental materials do not alter the Court's analysis as to their fifth claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4701 CAS (CFEx) | Date | February 2, 2012 |
|---|---|---|---|
| Title | ALBERTO MEJIA; ET AL. v. EMC MORTGAGE CORPORATION; ET AL. | | |

> **D.      Sixth Claim for Violation of the California Rosenthal Fair Debt Collection Practices Act**

The RFDCPA prohibits debt collectors from engaging in abusive, deceptive and unfair practices in the collection of consumer debts.  In order to be liable under the RFDCPA, a defendant must be a debt collector.  Cal. Civ. Code § 1788.1.  A debt collector is any person who "regularly, on behalf of himself or herself or others, engages in debt collection."  Cal. Civ. Code § 1788.2(c).

Plaintiffs allege that Chase (as successor-in-interest to EMC) violated the RFDCPA by threatening to take illegal actions such as "foreclosing upon a note of which they are not in possession nor otherwise entitled to payment; falsely stating the amount of debt; increasing the amount of debt by including amounts that are not permitted by law or contract; and using unfair and unconscionable means in an attempt to collect a debt." TAC ¶ 52.  Plaintiffs aver that they have suffered severe emotional distress as a result of these unlawful actions.  Id. ¶ 53.

Capital One Defendants argue that plaintiffs identify only Chase's actions that allegedly violate the RFDCPA.  Capital One Mot. at 20.  Further, both defendants argue that nonjudicial foreclosure—the only action taken here—does not constitute debt collection.  Id. (citing Saldate v. Wilshire Credit Corp., 711 F. Supp. 2d 1126, 1132 (E.D. Cal. 2010)); Chase Mot. at 9 (citing Heinemann v. Jim Walter Homes, Inc., 47 F. Supp. 2d 716 (D.W. Va. 1998)).

As an initial matter, the Court finds that plaintiffs have not alleged any actions by the Capital One Defendants in their claim for violations of the RFDCPA.  See TAC ¶¶ 51–54.  Dismissal is therefore warranted as to those defendants.[6]  Moreover, "[t]o state a

---

[6]In their supplement, plaintiffs ask the Court to reconsider dismissing Capital One Defendants from this claim, and attach a copy of plaintiffs' Loan Modification Agreement in support of this request.  Supp. to Opp'n at 3, Exh. 17.  However, Capital One Defendants do not appear anywhere within this exhibit (with the exception of GreenPoint, which is mentioned only as one of the owners of the subject loan).  Id. Accordingly, the Court does not find anything in Exhibit 17 that connects Capital One

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                      O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4701 CAS (CFEx) | | Date | February 2, 2012 |
|---|---|---|---|---|
| Title | ALBERTO MEJIA; ET AL. v. EMC MORTGAGE CORPORATION; ET AL. | | | |

claim for violation of the FDCPA [or RFDCPA], a plaintiff must allege that the defendant is a 'debt collector' collecting a 'debt.'" Izenberg v. ETS Servs., 589 F. Supp. 2d 1193, 1198–99 (C.D. Cal. 2008) (citation omitted); See also Castaneda v. Saxon Mortg. Services, Inc., 687 F. Supp. 2d 1191, 1197 (E.D. Cal. 2009) (dismissing RFDCPA claim because plaintiffs failed to allege facts that would support the inference that defendants were debt collectors under the Act).  Accordingly, insofar as plaintiffs' RFDCPA claim against Chase arises out of the act of foreclosure, plaintiffs' claim is not viable as a matter of law.  Rosal v. First Federal Bank of California, 671 F. Supp. 2d 1111, 1135 (N.D. Cal. 2009) (holding that foreclosing on a property pursuant to a deed of trust is not "debt collection" for purposes of the RFDCPA).  Finally, plaintiffs' allegations that Chase falsely stated the amount of debt; increased the amount of debt by including amounts that are not permitted by law or contract; and used unfair and unconscionable means in an attempt to collect a debt are wholly conclusory in nature and unsupported by any factual allegations.  TAC ¶ 52; Iqbal, 129 S.Ct. at 1950 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Accordingly, the Court GRANTS defendants' motions to dismiss the RFDCPA claim with prejudice.

### E.    Seventh Claim for Civil Conspiracy

Plaintiffs allege that defendants conspired and agreed to implement a scheme to defraud and victimize plaintiffs through predatory lending and other unlawful practices. TAC ¶ 54.

Both defendants argue that conspiracy is not a separate claim, but must be based on an underlying tort.  Capital One Mot. at 21; Chase Mot. at 10.  Thus, defendants argue that the conspiracy claim fails because each of plaintiffs' other claims are defective. Capital One Mot. at 21.

---

Defendants to the violations of the RFDCPA alleged by plaintiffs and declines to reconsider their dismissal from this claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4701 CAS (CFEx) | Date | February 2, 2012 |
|---|---|---|---|
| Title | ALBERTO MEJIA; ET AL. v. EMC MORTGAGE CORPORATION; ET AL. | | |

The Court finds that plaintiffs' conspiracy claim fails because they have not alleged an underlying wrong.  Conspiracy is not a separate claim, but a legal doctrine that imposes liability on persons who shared in a common plan of the perpetration of an underlying tort.  Applied Equipment Corp. V. Litton Saudi Arabia Ltd., 7 Cal.4th 503, 510–11 (1994).  In order to adequately plead a claim for conspiracy, plaintiffs must allege: (1) the formation and operation of the conspiracy, (2) wrongful conduct in furtherance of the conspiracy, and (3) damages arising from the wrongful conduct.  Kidron v. Movie Acquisition Corp., 40 Cal.App.4th 1571, 1581 (1995).  Here, plaintiffs conclusory allege that defendants "conspired" to defraud the plaintiffs without explaining the formation of the conspiracy or any specific wrongful conduct done in furtherance of the conspiracy.  Further, plaintiffs do not clearly allege any underlying tort that might give rise to a claim for conspiracy.[7]  Accordingly, plaintiffs' conspiracy claim must fail.

The Court GRANTS defendants' motions to dismiss plaintiffs' claim for civil conspiracy with prejudice.

### F.    Eighth Claim for Violation of RICO

To state a claim for violations of RICO, a plaintiff must allege: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as predicate acts) (5) causing injury to plaintiff's business or property."  Hernandez v. Balakian, 480 F. Supp. 2d 1198, 1203 (E.D. Cal. 2007) (internal citations and quotation marks omitted); Stanford v. MemberWorks, Inc., 625 F.3d 550, 557 (9th Cir. 2010).  An "enterprise" is defined as "any individual, partnership, corporation, association, or other legal entity, and

---

[7]In their supplement, plaintiffs suggest that  Exhibits 14–17 support their claim for civil conspiracy.  Supp. to Opp'n at 3.  Plaintiffs conclusorily state that these exhibits "clearly show a conspiracy against homeowners in distress."  Id.  However, as mentioned above, the written declarations are in support of an unrelated class action suit, and there are no allegations that defendants engaged in the same conduct in this case.  See In re Bare Escentuals, 745 F. Supp. 2d at 1067 ("[T]he court may take judicial notice of the existence of unrelated court documents, although it will not take judicial notice of such documents for the truth of the matter asserted therein.").  Accordingly, the exhibits alone are insufficient  to support plaintiffs' conspiracy claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4701 CAS (CFEx) | | Date | February 2, 2012 |
|---|---|---|---|---|
| Title | ALBERTO MEJIA; ET AL. v. EMC MORTGAGE CORPORATION; ET AL. | | | |

any union or group of individuals associated in fact although not a legal entity."  18 U.S.C § 1961(4).  "Racketeering activity" is defined as certain criminally indictable acts. Id. § 1961(1).

Plaintiffs allege that defendants participated in a pattern of racketeering activity. TAC ¶ 61.  Plaintiffs state that the "predicate acts" constituting racketeering have been part of a scheme to deprive plaintiffs of their property.  Id. ¶ 62.  Plaintiffs further allege defendants transmitted messages by wire, including telephone and internet connections. Id. ¶ 63.

Capital One Defendants argue that plaintiffs fail to allege all of the required elements of RICO.  Capital One Mot. at 21 (citing Hernandez, 480 F.Supp.2d at 1203). Specifically, they argue plaintiffs fail to allege predicate acts, which are listed in 18 U.S.C. § 1961(1).  Capital One Mot. at 21.  Further, the Capital One Defendants argue that plaintiffs have failed to allege a "pattern" and offer themselves as the only victims. Id.  Chase additionally argues that plaintiffs fail to allege that defendants were part of an "enterprise," which must be either an independent legal entity or an "association in fact." Chase Mot. at 12 (citing United States v. Turkette, 452 U.S. 576, 583 (1981)).

The Court finds that plaintiffs' RICO claim fails as a matter of law.  Plaintiffs appear to base their RICO claim on defendants' activity leading up to and including the foreclosure.  See TAC ¶¶ 61–63 (stating in a conclusory fashion that defendants engaged in a "pattern of racketeering activity" by engaging in a "scheme" to wrongfully foreclose on plaintiffs' property).  However, "claims [that defendants threatened and initiated foreclosure] are nothing more than conduct undertaken in the ordinary course of business or litigation and cannot be fairly characterized as extortion that is independently wrongful under RICO. . . ."  Book v. Morg. Elec. Registration Sys., 608 F. Supp. 2d 277, 282 (D. Conn. 2009); see also Dost v. Northwest Trustee Servs., Inc., 2011 WL 6794028, *12 (D. Or. Dec. 21, 2011) ("[Plaintiff's] other allegations concerning the various assignments of interests in his deed of trust, acquisitions of interests in entities having servicing rights to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

## CIVIL MINUTES - GENERAL

| Case No. | CV 09-4701 CAS (CFEx) | Date | February 2, 2012 |
|---|---|---|---|
| Title | ALBERTO MEJIA; ET AL. v. EMC MORTGAGE CORPORATION; ET AL. | | |

his loan, or acquisition of interests in the trust holding his loan, reflect no extortionate activity on the part of any defendant" and is therefore not actionable under RICO).[8]

Accordingly, because plaintiffs cannot assert a RICO claim based on underlying foreclosure proceedings, the Court GRANTS defendants' motions to dismiss plaintiffs' RICO claim with prejudice.

## IV.    CONCLUSION

In accordance with the foregoing, the Court GRANTS the Capital One Defendants' motion to dismiss in its entirety as Capital One, Marin Conveyancing, and MERS with prejudice.  The Court DENIES the Capital One Defendants' motion as to the first and third claims against GreenPoint but GRANTS it as to all other claims against GreenPoint with prejudice.

Further, the Court GRANTS Chase's motion in its entirety with prejudice.

The only claims that remain are the FHA, CRA, and ECOA claims against EMC and the FHA and ECOA claims against GreenPoint.  All other claims against EMC and GreenPoint and all other defendants have been dismissed with prejudice.  The requisite defendants are therefore ordered to file their answer to those claims within **twenty (20)** days after the filing of this order.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |

---

[8]The exhibits submitted with plaintiffs' supplement do not alter this conclusion, because, as mentioned previously, they consist of declarations pertaining to an unrelated class action suit.  See In re Bare Escentuals, 745 F. Supp. 2d at 1067 ("[T]he court may take judicial notice of the existence of unrelated court documents, although it will not take judicial notice of such documents for the truth of the matter asserted therein.").  Accordingly, the declarations are insufficient  to allege  the required elements of a RICO claim.